## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : No. 24-CR-292 (JEB) |
| | : |
| **SHUCHEN ZHU,** | : <u>UNDER SEAL</u> |
| | : |
| **Defendant.** | : |

### STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

**I.   Summary of the Plea Agreement**

As set forth in the attached plea agreement, Defendant Shuchen Zhu (hereinafter referred to as "Defendant" or "ZHU") agrees to accept responsibility and plead guilty to Count One of the Indictment charging Defendant with Conspiracy to Obstruct Justice, in violation of Title 18, United States Code, Section 1512(k).

**II.   Elements of the Offenses**

The essential elements of the offense of Conspiracy to Obstruct Justice, in violation of Title 18, United States Code, Section 1512(k), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1. That two or more persons agreed to obstruct justice, that is to alter, destroy, mutilate, and conceal a record, document, or other object, with the intent to impair the object's integrity or availability for use in an official proceeding, in violation of Title 18, United States Code Section 1512(c)(1), and to otherwise obstruct, influence, or impede an official proceeding in violation of Title 18, United States Code Section 1512(c)(2), as charged in the indictment,

2. That the defendant was a party to or member of that agreement,

3. That the defendant joined the agreement or conspiracy knowing of its objective to obstruct an official proceeding and shared that purpose with at least one other conspirator, and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

### III. Statement of Facts

Pursuant to Federal Rule of Criminal Procedure 11, the United States and the Defendant, with the concurrence of Defendant's attorney, stipulate and agree that the following facts are true and accurate. These facts do not constitute all facts known to the parties concerning the charged offenses and covered conduct. This statement is being submitted by the parties to demonstrate that sufficient facts exist to establish that Defendant committed the offenses to which he is pleading guilty.

#### Background Information

ZHU is a Chinese citizen who attended Georgetown University to obtain advanced degrees in computer science.

Y.J. is ZHU's wife and lived with him in Washington, D.C. and Virginia at all times relevant to this Statement of Offense.

Co-Conspirator 1 ("CC-1") is a Chinese citizen and close personal friend of ZHU and Y.J.

Trader-1 is a friend of ZHU and attended Georgetown University with ZHU.

Company-1 is an American corporation, headquartered in Indiana, that designed, manufactured, and distributed engines, filtration, and power generation products.

Company-2 is an American corporation, headquartered in Michigan, that manufactured automobile components for military suppliers, trucks, and trailers.

Material Non-Public Information

In or around early November 2021, CC-1 contacted ZHU about an investment opportunity with Company-2. CC-1 told ZHU that she knew that Company-2 would soon be acquired and that their stock would go up. This information was non-public at the time. ZHU in turn purchased options contracts in Company-2.

Throughout November and December of 2021, CC-1 and ZHU discussed ways to make money from this non-public information. ZHU additionally passed information regarding Company-2 to several classmates from Georgetown, including Trader-1. Based on CC-1's information, ZHU told Trader-1 that Trader-1 should purchase Company-2 securities before December 7, 2021 because the company was going to be acquired by Company-1.

On December 16, 2021, CC-1 sent ZHU a message, copied from a different conversation between CC-1 and an unidentified party, which stated, "got pulled in to sign an NDA," referring to a non-disclosure agreement. ZHU in turn sent a message to Trader-1 informing Trader-1 that unidentified individuals involved in the agreement were "pulled in" to sign a non-disclosure agreement.

On January 4, 2022, CC-1 informed ZHU that Company-1 leadership was holding a meeting over the weekend and that leadership had been on holiday break since mid-December. Throughout January, ZHU and CC-1 continued to discuss strategies for purchasing securities and options contracts in Company-2.  ZHU had similar conversations with Trader-1, recommending that Trader-1 continue to purchase Company-2 securities and hold onto his current securities

positions in Company-2.

On January 25, 2022, CC-1 forwarded a screenshot of a conversation between two Company-1 employees who were discussing the status of the acquisition. The screenshot captured the employees stating that negotiations were in the last round and that a high-ranking Company-1 employee thought the possibility of success in the acquisition was still very high.

On February 18 2022, CC-1 sent ZHU a message telling him that, "They [Company-1] are going to send it over again today, next week the other side [Company-2] decides whether to accept it or not."

On February 21, 2022, CC-1 sent ZHU's wife a message containing a screenshot of a conversation where an employee of Company-1 transmitted the Chinese symbol for 'tomorrow will be better.'

Between November 2021 and February 2022, ZHU purchased numerous securities and options contracts in Company-2. ZHU executed these purchases in both his account and Y.J.'s account. ZHU additionally executed options and securities orders on behalf of CC-1 in CC-1's account because CC-1 was based in China at the time and needed assistance placing orders while the U.S. markets were open.

On February 22, 2022, Company-1 announced an agreement to acquire Company-2 at a rate of $36.50 per share, for a total transaction value of $3.7 billion. Company-2 stock increased overnight to $35.55, which was an increase of approximately 44% from the previous day.

ZHU, through his brokerage accounts and Y.J.'s accounts, profited approximately $172,366 from his trades in Company-2. These trades were based on material non-public information.

On February 22, 2022, CC-1 sent ZHU an audio-message instructing him to delete messages, records, and web browser information. ZHU and CC-1 also discussed coming up with a "legitimate" reason why they purchased Company-2 stock, in the event that they were contacted by a regulator. ZHU told CC-1 that he would claim that he read about Company-2 in Barron's Weekly because he subscribes to the publication. ZHU subsequently deleted a large portion of the WeChat messages between ZHU and CC-1 in an effort to obstruct justice, that is to destroy and conceal a records or documents, with the intent to impair their availability in an SEC investigation, and otherwise obstruct an SEC investigation.

On February 22, 2022, ZHU relayed a similar message to Trader-1. ZHU told Trader-1 to sell his Company-2 securities in batches to avoid suspicion from investigators. ZHU further told Trader-1 to think of a "legitimate' reason why Trader-1 purchased Company-2 securities. ZHU explained to Trader-1 that if the SEC were to contact Trader-1, the call would be recorded, so Trader-1 needed to think of a technical reason why Trader-1 chose Company-2 stock. ZHU additionally advised Trader-1 not to tell the SEC that a friend told Trader-1 about the investment because the SEC would follow the clues to find out the identity of that "friend" as ZHU.

ZHU finally told Trader-1 to research how the SEC investigates insider trading violations and then delete the browsing history from his internet browser. Trader-1 responded affirmatively and stated that Trader-1 would also delete the chat records between ZHU and Trader-1.

On or about August 4, 2023, the SEC contacted Trader-1 for an interview regarding his Company-2 securities purchases. Trader-1 provided materially false information to the SEC regarding his reasons for purchasing Company-2 stock. Trader-1 did this in an effort to obstruct and impede the SEC investigation.

ZHU admits that he took affirmative acts to conceal evidence of trading on material non-public information, including deleting WeChat messages and records, encouraging others to destroy and conceal evidence and provide false information to investigators. ZHU further admits that he agreed with CC-1, Trader-1, and others, to obstruct the SEC investigation by destroying and concealing documents and agreeing to provide false information to investigators.

        Respectfully Submitted

        MATTHEW M. GRAVES
        United States Attorney

By: *Kevin L. Rosenberg*
      Kevin Rosenberg
      Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea. I have discussed this proffer fully with my attorneys, Christopher Macchiaroli, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 8/22/2024

Shuchen Zhu

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 8/22/2024

C. Macchiaroli

Christopher Macchiaroli, Esq.
Counsel for Defendant